# SUPREME JUDICIAL COURT

FOR THE

## COUNTIES OF PLYMOUTH, BARNSTABLE, BRISTOL AND DUKES-COUNTY, OCTOBER TERM 1838, AT TAUNTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE,
Hon. MARCUS MORTON, } Justices.
Hon. CHARLES A. DEWEY,

---

## The Inhabitants of BREWSTER *versus* The Inhabitants of DENNIS.

In order to gain a settlement in a town under *St.* 1821, *c.* 94, [Revised Stat. *c.* 45,] by having an estate of freehold or inheritance therein, it is sufficient if the party is seised by an apparently good title and no present right of entry is outstanding in any other person.

Thus, where one having bargained verbally for a piece of land and paid therefor, entered upon and occupied it for twenty years, without having ever received a deed or any other writing respecting it from the original owner, it was *held*, that, at the expiration of that period of time, he had gained an estate of freehold, within the meaning of the statute.

But a person will not acquire a settlement by living three years successively on land in which he has an estate of freehold or inheritance, if in the course of that period he receive relief as a pauper.

ASSUMPSIT to recover a sum of money alleged to have been expended by the plaintiffs for the relief of Elijah Wixon and his wife, between August 25, 1835, and March 2, 1836.

Brewster
*v.*
Dennis.

The parties stated a case.

It was admitted by the defendants, that the paupers had originally a legal settlement in Dennis, and that the defendants were liable for the sum expended in their support, unless the paupers had subsequently gained a settlement in Brewster.

In order to show, that the paupers had gained a settlement in Brewster, the defendants proved, that, in the summer of 1806, Elijah Wixon verbally bargained with John Crosby, for a small piece of land in Brewster, of which Crosby was the owner, and agreed to give him therefor the sum of four dollars, which sum he had paid. But it did not appear, that Wixon ever received any deed of the land or any writing whatever respecting the same, from Crosby or any one else. Wixon, soon afterwards, erected a small dwellinghouse on the land, and had continued to reside there ever since that time, in the open and exclusive possession thereof. The land had never been fenced, but was bounded on three sides by woodland, and on the other side by a ditch, which separated it from an adjoining cleared lot.

The plaintiffs introduced evidence to show, that in the years 1823, 1829, 1831, 1832, 1834, the paupers were in need of relief, and that the overseers of the poor of Brewster, in each of those years, furnished them supplies to a small amount, which were paid for by the town of Dennis. The plaintiffs also proved, that between the year 1823 and March, 1837, the paupers were from time to time in need of relief and chargeable to Brewster, and that the supplies furnished were paid for by the town of Dennis ; but it did not appear in what years particularly between those periods these last-mentioned supplies were furnished.

It was admitted, that after the paupers became chargeable in August, 1835, as set forth in the writ, the overseers of Brewster gave notice thereof to the overseers of Dennis, and that an answer was returned by the overseers of Dennis, denying the liability of their town.

If, upon these facts, the Court should be of opinion, that the paupers had a legal settlement in Brewster, a nonsuit was to be entered ; otherwise, the defendants were to be defaulted, and judgment to be rendered for the plaintiffs, for the sum of $ 53·58, w'th interest from the date of the writ.

*Marston* and *Copeland*, for the plaintiffs, to the point, that Wixon did not acquire a settlement in Brewster under *St.* 1821, *c.* 94, because he never received a deed of the land from Crosby, and therefore never had a freehold in that town, within the meaning of the statute, cited *Windham* v. *Portland*, 4 Mass. R. 384 ; *Conway* v. *Deerfield*, 11 Mass. R. 327 ; and to the point, that if he was to be deemed the owner of a freehold, he did not gain a settlement in Brewster by the occupation of the land for three years successively, if in the course of that period of time he received relief as a pauper, *East Sudbury* v. *Waltham*, 13 Mass. R. 460 ; *East Sudbury* v. *Sudbury*, 12 Pick. 1.

*Reed*, for the defendants, cited Revised Stat. *c.* 119 ; *Seekonk* v. *Attleborough*, 7 Pick. 155 ; *Orleans* v. *Chatham*, 2 Pick. 29.

SHAW C. J. delivered the opinion of the Court. The question in the present case is, whether the pauper, Elijah Wixon, has gained a settlement in the town of Brewster. If he has not, it is conceded, that his settlement remains in Dennis, where it formerly was. The settlement of the wife follows that of the husband. If the pauper has gained a settlement in Brewster, it is in the mode prescribed by *St.* 1821, *c.* 94.

The provision of that statute is, that any person of twenty-one years of age, being a citizen, having an estate of inheritance or freehold in any town, and living on the same three years successively, shall thereby gain a settlement on the same.

This statute was a substitute for the fourth mode of gaining a settlement under the former *St.* 1793, *c.* 34, § 2, by having a freehold estate of the annual value of 3*l.* and residing upon it three years. Practically the difficulty of proving the annual value of a small freehold was so great, and opinions would differ so much upon it, that it was a source of frequent and obstinate litigation, and often led to injurious results. To avoid these difficulties, it is believed, that the legislature passed the act cited, making the settlement depend upon the party's holding a freehold estate of any value and residing upon it three years, being twenty-one years of age. The question is, whether the proof offered shows the pauper to be settled in Brewster within this rule.

*Brewster v. Dennis.*

*Oct. 23d.*

*Oct. 26th*

It appears, that in the summer of 1806, he agreed with the owner, by parol, for the purchase of a piece of land of very small value ; that he paid for it and built a small house upon it and has resided upon it ever since, but has had no deed of it, and no contract in writing. But his possession has been open, exclusive and undisputed ; and no question either of his title or possession has been ever made by the owner or by any other person. Upon this evidence the Court are of opinion, that the pauper gained a freehold at the expiration of twenty years from his entry, that is, some time in the summer of 1826. It was not the purpose of the statute to require a freehold held by an absolute title over which no paramount right existed. It is sufficient, that the tenant is seised, by an apparently good title, and without any present right of entry in any other person. Otherwise any dormant title, outstanding in any person, who never has claimed, and who never may claim the right to enforce it, might prevent a freeholder from gaining a settlement. Twenty years' actual, exclusive and undisturbed possession, by statute bars the right of entry, and no right can be set up against it, except by action.

It is no valid objection to this view, that here it is conceded, that no deed was ever given to the pauper ; it may be so conceded for the purpose of this trial, but we are to consider the question, as it would present itself in any suit or controversy between the pauper and other persons. In such controversy, it is very manifest, that neither the owner nor any other person could make an entry on the pauper ; and the statute would afford him a perfect protection without his showing any deed.

But the Court are also of opinion, that till the expiration of the twenty years, the pauper could not be deemed a freeholder ; and therefore he must have resided there three years continuously, after that time, in order to acquire a settlement under the statute cited. And we consider it settled, as well by authority as by a reasonable construction of the statute, that any part of the time during which he was receiving actual support or aid as a pauper, could not be computed as part of the three years.

In this respect there is no substantial difference between the present and the former statute. Residence as a freeholder on

his own estate, must be other than that of a pauper actually supported. Whilst ·a person is receiving support as a pauper, he is liable to be removed to the place of his settlement, and to be separated from his freehold ; and if he is not so removed, it must be attributed to the forbearance of both towns and to their tacit mutual agreement, that he shall be aided as a pauper where he is, instead of being removed. If therefore the pauper did not remain three years, after the summer of 1826, without receiving support as a pauper, notwithstanding his having a freehold, he did not gain a settlement. But it does not appear with sufficient distinctness in the case made by the parties, how this fact was. He received relief in 1829. If this was in the fall of 1829, it was more than three years after he acquired his freehold ; if in the spring of that year, it was less. Unless this fact is agreed by the parties or determined by a reference to an auditor or otherwise, the case must again go to a jury to ascertain it.